UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JESSIE E. JONES #260563,

        Plaintiff,                      Case No. 2:08-cv-133

v.                                           Honorable Robert Holmes Bell

MARY BONEVELLE,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

     I.        Factual allegations

Plaintiff Jessie E. Jones #260563, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Mary Bonevelle, who is employed by the MDOC as a Hearings Investigator. Plaintiff alleges in his amended complaint (docket #3) that he was issued a major misconduct report on February 20, 2008, for a major rule infraction. During the review, Plaintiff requested a hearings investigator, relevant documents and witnesses.

On February 21, 2008, Plaintiff gave Defendant Bonevelle his statement for hearing investigation, a witness statement, a list of witnesses, legal exhibits and other relevant documents. Defendant Bonevelle then told Plaintiff that he would never see his legal documents again and that as long as she was Hearings Investigator, she would make sure that Plaintiff was found guilty on every misconduct. Defendant Bonevelle also stated that she would teach Plaintiff not to sue her. In her report, Defendant Bonevelle indicated that Plaintiff had been given a form for his statement on February 21, 2008, and that the statement was picked up on February 22, 2008. Plaintiff claims that Defendant Bonevelle lied when she claimed to have come to his cell on February 22, 2008, and that the housing unit camera will corroborate this fact.

On March 3, 2008, Plaintiff received a hearing during which he discovered that Defendant Bonevelle had destroyed his request for hearing investigation, a witness statement, a list of witnesses, legal exhibits and other relevant documents. Plaintiff claims that Defendant Bonevelle replaced his statement with a forged statement, "Will tell H.O." Consequently, Plaintiff was found guilty of the misconduct ticket. On March 10, 2008, Plaintiff kited Defendant Bonevelle and

requested a copy of the February 21, 2008 statement for appellate purposes. Defendant replied by stating, "I am busy, what you received for your hearing packet is all that was provided by you and all that is in the hearing packet, I would not just leave out things." On March 19, 2008, Defendant Bonevelle stole legal exhibits from Plaintiff's cell while he was in the segregation yard. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that as a result of Defendant Bonevelle's retaliatory actions he was improperly found guilty of a major misconduct for a major rule infraction. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of

which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would necessarily invalidate a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the ... procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

In this case, Plaintiff claims that Defendant Bonevelle's conduct resulted in him being falsely convicted of a major misconduct ticket. Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not

successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555(6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

Plaintiff also claims that his First Amendment right of access to the courts was violated when Defendant Bonevelle stole legal material related to litigation he was preparing to file against Defendant Bonevelle. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

In this case, Plaintiff claims that Defendant Bonevelle's conduct frustrated his ability to access the courts. However, Plaintiff fails to specify the manner in which he was injured by the loss of the documents taken by Defendant Bonevelle. As noted above, when a prisoner fails to state how he is unable to replicate the confiscated documents, he cannot show that he suffered an injury to his right of access to the courts. In addition, Plaintiff was able to file this action against Defendant Bonevelle despite the alleged loss of legal materials. Therefore, the undersigned recommends dismissal of this claim.

Finally, Plaintiff claims that Defendant Bonevelle took legal materials from his cell in order to retaliate against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th

Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In the opinion of the undersigned, Defendant Bonevelle's conduct in taking some legal materials from Plaintiff's cell is not sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct. Therefore, the undersigned recommends dismissal of this claim.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 1, 2008

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).