UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE E. JONES #260563,

    Plaintiff,

v.

MARY BONEVELLE,

    Defendant.
                                      /

File No. 2:08-CV-133

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION IN PART**

United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff Jessie Jones's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 4.) Plaintiff has filed objections to the R&R. (Dkt. No. 6.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court, except with respect to Plaintiff's First Amendment retaliation claim.

This Court is required to conduct a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## I.

Plaintiff's first, second, fifth, sixth, and seventh objections are denied because they challenge statements of the law in the R&R that are correct.

Plaintiff's third and fourth objections are that the R&R construed his complaint as alleging that he was improperly found guilty of a major misconduct or as challenging the results of the misconduct hearing. The R&R determined that Plaintiff's claim is barred by the habeas exception to § 1983 claims set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff responds that he is not claiming that he was improperly found guilty based on the evidence at the hearing, but that he was denied his right to procedural due process at the hearing because Plaintiff, as a result of Defendant's actions, was not able to present exhibits, submit witness statements, a list of witnesses, and other relevant documents in his defense. Plaintiff asserts that his claim should not be barred by *Heck* because no disciplinary or good time credits were forfeited by him. (Dkt. No. 6, Objs. 3.) However, this assertion contradicts his complaint, in which he asserts that the actions of Defendants resulted in ten days being forfeited from his release date. (Compl. ¶ 5.) To the extent that Plaintiff has asserted a cognizable claim for violation of due process, his claim is similar to that of the prisoner in *Edwards v. Balisok*, 520 U.S. 641 (1997), in which the prisoner complained that "he was completely denied the opportunity to put on a defense [at his misconduct hearing] through specifically identified witnesses who possessed exculpatory evidence . . . ." *Id.* at 646. The Court found that this claim challenging the procedures used at the misconduct hearing was

barred by *Heck* because it necessarily implied the invalidity of the deprivation of his good time credits. *Id.* Similarly, Plaintiff's procedural challenge to his misconduct hearing necessarily implies the invalidity of the result and the consequent forfeiture of credits towards reduction of the duration of his confinement. Thus, Plaintiff's third and fourth objections will be denied and his due process claim will be dismissed.

Plaintiff's fifteenth objection relates to his claim that Defendant retaliated against him by destroying his materials related to the misconduct hearing, preparing a false report for the hearing investigator, and confiscating legal materials from his cell. The R&R determined that Defendant's actions were not sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct. However, the Sixth Circuit has held, in an opinion cited by Plaintiff, that evidence of the confiscation of legal materials may be sufficient to meet the adverse action prong of the test for retaliation under the First Amendment. *See Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002) (noting that "a number of cases from other circuits have held that confiscating an inmate's legal papers and other property constitutes sufficient injury to support a First Amendment retaliation claim"). As the court in *Bell* explained, while "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions . . . ." *Id.* at 603. Moreover, whether Defendant's alleged conduct is capable of deterring a person of ordinary firmness is generally a question of fact. *Id.* at 603 ("[I]n most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable as a matter of law.").

The R&R also noted that a plaintiff must show that the adverse action was motivated by the plaintiff's protected conduct. In this case, Plaintiff has alleged that Defendant's conduct was motivated by the filing of grievances and a lawsuit; Plaintiff alleges that Defendant told Plaintiff that "You'll never see these legal documents again, as long as I'm H.I., I'll make sure you're found guilty on every misconduct, you'll learn about suing me." (Dkt. No. 1, Compl. ¶ 2.) Plaintiff's allegations are sufficient, at this stage, to satisfy the causation element of the retaliation claim. Thus, the Court rejects the determination of the R&R that Plaintiff has failed to state a claim for retaliation under the First Amendment.

Plaintiff's remaining objections relate to his access-to-courts claim. The Court agrees with the R&R that Plaintiff fails to state a claim of denial of access to the courts because he has failed to allege actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) are **DENIED**, except objection fifteen, regarding dismissal of Plaintiff's First Amendment retaliation claim, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** in **PART** as the opinion of this Court, except with respect to dismissal of Plaintiff's First Amendment retaliation claim.

**IT IS FURTHER ORDERED** that all claims in Plaintiff Jessie Jones's complaint, *other than* his First Amendment retaliation claim, are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

Dated: July 15, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE