UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE E. JONES,

    Plaintiff,                                       Case No. 2:08-cv-133

v.                                                 HON. ROBERT HOLMES BELL

MARY BONEVELLE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jesse E. Jones, an inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Mary Bonevelle, an employee of the Michigan Department of Corrections, employed at Alger Maximum Correctional Facility (LMF) as a hearings investigator. Plaintiff was confined at the LMF when he filed this complaint.

Plaintiff's complaint alleges that Defendant retaliated against Plaintiff for filing a civil lawsuit against her. On February 20, 2008, while incarcerated at LMF, Plaintiff was issued a major misconduct report for Insolence by Resident Unit Officer (RUO) Hill. According to the misconduct report, Plaintiff was questioning why RUO Hill had been in his cell the previous day. Plaintiff stated, "I know your Sgt. Arkens little fuck boy Hill you need to stay the fuck outta my cell or I'll be writing your ass up like I'm doin to him." At this time, Plaintiff was housed in Administrative Segregation. Plaintiff requested the assistance of Defendant and on February 21, 2008, Defendant went to Plaintiff's cell in administrative segregation and gave him a "Statement for Hearing Investigation." Defendant indicated she would return the next day to pick up Plaintiff's statement.

Plaintiff claims that on February 21, 2008, he gave Defendant his statement for hearing investigation, his witness statement, a list of witnesses to be interviewed, legal exhibits, and other relevant documents. Defendant contests this allegation as false and affirmatively states that Plaintiff did not provide her with any documents on February 21, 2008.

Plaintiff also alleges that as Defendant walked away from his cell on February 21, 2008, she stated, "[y]ou'll never see these legal documents again, as long as I'm H.I., I'll make sure you're found guilty on every misconduct, you'll learn about suing me!" Plaintiff claims that Defendant subsequently destroyed the documents. Defendant denies Plaintiff's allegations, claiming that she received the "Statement for Hearing Investigation" from Plaintiff on February 22, 2008, and attached it to her hearing report. Plaintiff's statement read "Will tell H.O." Plaintiff alleges that Defendant destroyed his original "Statement of Hearing Investigation" and replaced it with the forged statement. Plaintiff claims that Defendant lied when she claimed to have come to his cell on February 22, 2008, and that the housing unit camera will corroborate this fact.

On March 3, 2008, Plaintiff received a hearing during which he discovered that Defendant had destroyed his documents and replaced his statement with a forged statement. Consequently, Plaintiff was found guilty of the misconduct ticket. On March 10, 2008, Plaintiff kited Defendant and requested a copy of the February 21, 2008 statement for appellate purposes. Defendant replied by stating, "I am busy, what you received for your hearing packet is all that was provided by you and all that is in the hearing packet, I would not just leave out things." Plaintiff alleges that on March 19, 2008, Defendant stole legal exhibits from Plaintiff's cell while he was in the segregation yard.

Plaintiff claims that Defendant retaliated against him in violation of the First Amendment. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Presently before the Court is Defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that as a result of Defendant's retaliatory actions he was improperly found guilty of a major misconduct for a major rule infraction. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175

F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant asserts that because Plaintiff was actually guilty of being insolent and because his request for rehearing was denied, his retaliation claim lacks merit. The undersigned notes that where a prisoner is ultimately found guilty of misconduct charges, he cannot state a claim for retaliation arising from the misconduct charges. *Wilson v. Phipps*, No. 97-1661, 1998 WL 384560, at *1 (6th Cir. June 18, 1998) (citing *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam)). Defendant offers a copy of the hearing report, which states:

> Misconduct report, investigator report and prisoner's statement read to the prisoner. At the hearing, the prisoner stated that he gave everything to the hearing investigator - witness statements, his statement and a grievance on the 21st. [Plaintiff claimed that this] incident never happened. The officer made an assumption. The officer allegedly heard somebody while coming up the wing. The officer never said he had eye contact or anything with him. The body of the ticket is null and void. Prisoner was asked about the grievance and the prisoner stated that he wrote a grievance on the officer on the 19th as he came into his cell and removed a summary motion. He gave everything to the hearing investigator on the 21st. Prisoner was shown his statement that he wrote, "Will Tell H.O." Prisoner then stated that the camera will show that the officer never stood in front of his cell. The officer never had direct eye contact with him. He was down on the wing. Prisoner had no other comment when asked other than to repeat himself. Prisoner informed of the decision and sanction prior to leaving the hearings room. Prisoner then stated,

> "Make sure you put down that this is in retaliation for my lawsuit against you."

(*See* Defendant's Exhibit A, attachment 1.)

At the conclusion of the hearing, Hearings Officer Maki found Plaintiff guilty of the charge of insolence and gave the following reason for her finding:

> HEARING INVESTIGATION: Prisoner claims he gave his statement to the hearing investigator as well as his statement, request for witnesses and a request for the video. He is not believed. First, it was not attached. If he [sic] was received, it would have been attached. Second, he gave his statement to the hearing investigator, which stated, "Will tell H.O." This hearing will not be adjourned when the prisoner failed to make his requests in a timely manner.
>
> DISQUALIFICATION: Prisoner's parting shot as he left the hearings room is not true. Prisoner's action in filing a lawsuit, if one was filed, was his action, not the Hearing Officer's, and is not reflective of the Hearing Officer's decision.
>
> INSOLENCE: On 2/20/08 the prisoner stated to the officer, "I know your Sgt. Arkens' little fuck boy, Hill. You need to stay the fuck out of my cell or I'll be writing your ass up like I'm doing to him." This statement was made to harass and degrade the officer as there was no other purpose for it. Prisoner intended to harass and degrade the officer as he directed his comment to the officer when the officer was coming back up the wing. Prisoner claims that the officer never said he had eye contact with him. That is true, but that doesn't mean that the prisoner didn't make the comment. The officer had just been speaking with the prisoner before he had gone down the wing and it is probable that he would be able to recognize the prisoner's voice. Besides, the prisoner was talking about a grievance he had filed against the sergeant. The officer would not know that unless the prisoner had told him. Reporting staff member factual and is credible as to what occurred. Prisoner did not present his claims in a credible manner at the hearing. Charge upheld.

(*See* Defendants Exhibit A, attachment 1.)

As noted above, Plaintiff was found guilty of the misconduct following a hearing during which he was able to present his defense. The alleged destruction of documents by Defendant

- 5 -

was an adverse action for purposes of a *Thaddeus-X* retaliation claim to the extent that it could result in the finding of guilt on the misconduct. However, Plaintiff fails to specify the content of the documents which were allegedly destroyed by Defendant. Plaintiff was allowed to present the facts contained within the requested documents during the hearing and, as noted by the hearing officer, the asserted content of the videotape was irrelevant to Plaintiff's guilt or innocence. Moreover, Defendant was not the finder of fact in Plaintiff's misconduct hearing. In the opinion of the undersigned, the Defendant's conduct, if true, constituted harassment and was not sufficiently adverse to support a retaliation claim.

In addition, Defendant contends that she is entitled to absolute immunity. Prison hearings investigators or officers in Michigan are entitled to absolute judicial immunity from liability in a 42 U.S.C. § 1983 suit challenging their actions in conducting an administrative hearing. *Umbarger v. Correctional Medical Services*, 93 Fed. Appx. 734, **2 (6th Cir. Mar. 16, 2004); *Evans v. Eaton*, 2009 WL 1606492, slip op. at 2 (E.D. Mich. 2009). However, Defendant's conduct in this case was not related to the actual conduction of the hearing. Therefore, Defendant is not entitled to summary judgment on this basis.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to defendant's motion for summary judgment. Accordingly, it is recommended that defendant's motion for summary judgment (Docket #21) be granted and this case be dismissed in its entirety.[1]

---

[1] To the extent that Plaintiff is suing the individual Defendant in her official capacity, such a claim is barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 20, 2010