UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE E. JONES,

       Plaintiff,

                                               Case No. 2:08-CV-133

v.

                                               HON. ROBERT HOLMES BELL

MARY BONEVELLE,

       Defendant.
                                    /

**ORDER APPROVING AND ADOPTING IN PART**
**REPORT AND RECOMMENDATION AND GRANTING IN PART**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August 20, 2010, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant's motion for summary judgment (Dkt. No. 21) be granted and that this case be dismissed in its entirety. (Dkt. No. 33.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 34.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff argues that he has claimed two instances of retaliation, only one of which is raised by Defendant in her motion for summary judgment and addressed in the R&R. The first instance is Defendant's alleged destruction of Plaintiff's "Statement of Hearing

Investigation" and its replacement with a forged statement. This alleged retaliation occurred on February 21, 2008, in anticipation of the March 3, 2008, hearing, at which Plaintiff was found guilty of misconduct. The second instance of retaliation involves the alleged confiscation of legal materials pertaining to a different matter from Plaintiff's cell on March 19, 2008, while Plaintiff was out on a segregation yard period.

The Magistrate judge found that the alleged conduct of Defendant on February 21, 2008, even if true, was not sufficiently adverse to support a retaliation claim. The Court agrees. Plaintiff objects that his conviction and his failure to disclose the content of the allegedly destroyed statement are immaterial to a retaliation claim. The point, however, is that Plaintiff has failed to meet his burden in supporting a retaliation claim. Defendant had the opportunity to present any evidence he wished at his March 3, 2008, hearing. Furthermore, Plaintiff concedes that he was "rightly convicted" of misconduct at his March 3, 2008, hearing. (Dkt. No. 34 at 1.) The alleged wrongdoing would not, under these circumstances, amount to retaliation. The R&R's findings will be affirmed and adopted.

However, Plaintiff is correct in objecting that the R&R does not address his second claim of retaliation, which was added in his amended complaint. (Dkt. No. 3.) The R&R mentions the claim: "Plaintiff alleges that on March 19, 2008, Defendant stole legal exhibits from Plaintiff's cell while he was in the segregation yard." (Dkt. No. 33 at 2.) However, the R&R offers no analysis or recommendation pertaining to this alleged second instance of retaliation, which occurred after the March 3, 2008, hearing. This is not itself a deficiency in the R&R since Defendant did not address this second claim in her motion for summary

judgment. (Dkt. No. 21.) Defendant's motion must viewed as a motion for *partial* summary judgment, as Plaintiff's second retaliation claim has not been addressed. Therefore, the R&R will be adopted and partial summary judgment granted with respect to the first instance of alleged retaliation, but the case will not be dismissed nor summary judgment granted with respect to the second alleged instance of retaliation. At the discretion of the Magistrate Judge, Defendant may submit a renewed motion for summary judgment addressing the remaining claim. Accordingly,

**IT IS HEREBY ORDERED** that the August 20, 2010, R&R (Dkt. No. 33) is **APPROVED** and **ADOPTED** as modified by this opinion.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 21) is **GRANTED** in **PART** with respect to Defendant's alleged retaliatory conduct on February 21, 2008.


Dated: February 9, 2011                    /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE